IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-0246-WJM-KLM

SHARON WILLIAMS,

    Plaintiff,

v.

WALGREENS CO;
FERRANDINO & SONS;
NATIONWIDE;
SEDGWICK; and
GALLAGHER BASSETT,

    Defendants.

---

**ORDER VACATING AS MOOT THE FEBRUARY 13, 2019 ORDER TO
SHOW CAUSE AND THE MARCH 28, 2019 RECOMMENDATION,
AND ORDERING PLAINTIFF TO SHOW CAUSE**

---

This matter is before the Court on United States Magistrate Judge Kristen L. Mix's (1) Order to Show Cause dated February 13, 2019 (the "February 13, 2019 Order to Show Cause"; ECF No. 4), which ordered Plaintiff Sharon Williams ("Plaintiff") to show cause why this lawsuit should not be dismissed without prejudice for lack of subject matter jurisdiction; and (2) Recommendation dated March 28, 2019 (the "Recommendation"; ECF No. 6), which recommended that this lawsuit be dismissed without prejudice for lack of subject matter jurisdiction. On April 10, 2019, Plaintiff filed an Objection to the Recommendation. ("Objection"; ECF No. 8.)

For the reasons set forth below, the February 13, 2019 Order to Show Cause is vacated as moot, the Recommendation is vacated as moot, the Objection is overruled

as moot, and Plaintiff is ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction and Plaintiff's failure to timely effect service on the Defendants.

## I. FACTUAL & PROCEDURAL BACKGROUND

On January 29, 2019, Plaintiff, proceeding *pro se*, brought claims against several defendants (not entirely congruent with the current group of Defendants) for premises liability. (ECF No. 1.) In the Complaint, Plaintiff asserted that the Court has federal question jurisdiction under 28 U.S.C. § 1331. (*Id*. at 3.) Plaintiff listed the Colorado Premises Liability Act, Colo. Rev. Stat. § 13-21-115, as the "federal" statute at issue in this case. (*Id*.) The sole factual allegation contained in the Complaint stated: "On Feb 1, 2017 I slipped & fell on black ice at Walgreens." (*Id*. at 4.)

On February 13, 2019, Judge Mix ordered Plaintiff to "show cause, in a writing filed with the Court **on or before March 15, 2019**, as to why this matter should not be **DISMISSED without prejudice** for lack of subject matter jurisdiction." (ECF No. 4 at 2 (emphasis in original).) In the February 13, 2019 Order to Show Cause, Judge Mix noted that Plaintiff "cites to 28 U.S.C. § 1331 as the jurisdictional basis for her action," but "only asserts a state law premises liability claim." (ECF No. 4 at 2.) Judge Mix added: "In order to comply with this Order to Show Cause, Plaintiff shall file an Amended Complaint that adequately demonstrates why the Court has jurisdiction over this matter. . . . **Failure to comply with this Order to Show Cause will result in sanctions, including a recommendation that Plaintiff's case be dismissed**." (*Id*. (emphasis in original).) Judge Mix also stayed the case "pending the filing of the

Amended Complaint."  (*Id*. at 3.)

Plaintiff did not file an amended complaint by March 15, 2019 or otherwise respond to the February 13, 2019 Order to Show Cause.  On March 28, 2019, Judge Mix issued the Recommendation, wherein she discussed Plaintiff's failure to respond to the Order to Show Cause and how Plaintiff had not even attempted to contact the Court.  (ECF No. 6 at 2.)  Judge Mix also noted that "[n]o mail has been returned to the Court from the address on file for Plaintiff," and that Plaintiff had not informed the Court of "any changes in her contact information," which she is obligated to do under D.C.COLO.LCivR. 5.1(c).  (ECF No. 6 at 2–3.)  Thus, Judge Mix concluded that Plaintiff had abandoned her lawsuit.  (*Id*. at 3.)  Judge Mix also reiterated that Plaintiff failed to establish federal question jurisdiction as she "only asserts a state law premises liability claim."  (*Id*.)  In addition, Judge Mix noted that it "does not appear from the face of the Complaint that the Court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332."[1]  (ECF No. 6 at 3.)  For these reasons, Judge Mix made absolute the February 13, 2019 Order to Show Cause and recommended that this case be dismissed without prejudice.  (*Id*.)

On April 10, 2019, Plaintiff filed an Objection to the Recommendation.  (ECF No. 8.)  In the Objection, Plaintiff states:

> I am objecting because I did not receive the [February 13, 2019 Order to Show Cause].  I first heard of th[at] order when I received the [Recommendation,] which was received

---

[1]  In the Complaint, the only information Plaintiff provided that relates to the citizenship of the original defendants was their addresses.  (*See generally* ECF No. 1.)  Plaintiff provided only Colorado addresses for all of the original defendants except for one, for which she provided both a Colorado and a Pennsylvania address.  (*Id*. at 2.)

3

> by me on Saturday March 30, 2019. I now understand what
> I should do so I want to file [an] amended complaint.

(ECF No. 8 at 1–2.) Attached to the Objection was Plaintiff's Amended Complaint. ("Amended Complaint"; ECF No. 8-1.)[2]

## II. ANALYSIS

**A. The Recommendation & February 13, 2019 Order to Show Cause are Moot**

Federal Rule of Civil Procedure 15(a)(1) provides

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Here, Plaintiff has not served any of the Defendants, nor have the Defendants filed a responsive pleading or a motion under Rule 12(b), (e), or (f). As a result, Plaintiff may amend her pleadings once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). *See also Witte v. Sloan*, 250 F. App'x 250, 255 (10th Cir. 2007) ("because the [defendants] never filed an answer to [plaintiff's] original complaint, [plaintiff] had an absolute right to file an amended complaint and did not need permission from the district court"); *U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1019 (10th

---

[2] That same day, Plaintiff also docketed the Amended Complaint by itself—*i.e.*, not as an exhibit to the Objection. (ECF No. 9.) In doing so, however, Plaintiff apparently omitted several pages. (*Compare* ECF No. 8-1, *with* ECF No. 9.) Thus, when referring to the Amended Complaint, the Court references the Objection's exhibit (ECF No. 8-1), and not the individual filing of the Amended Complaint (ECF No. 9).

Cir. 1994) ("[b]ecause the amendment was made before defendants had filed a responsive pleading, plaintiffs were entitled to the amendment as a matter of right"); *Martinez v. Argyres*, 2017 WL 3701615, at *1 (D.N.M. Aug. 22, 2017) ("[p]laintiff's civil rights complaint has not yet been served and neither a responsive pleading nor a motion under Rule 12(b), (e), or (f) has been filed. Accordingly, [p]laintiff has the right under Rule 15(a)(1) to amend his complaint once as a matter of course." (internal quotation marks omitted)).

It is well-established that an "amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)); *see also Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991). "Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein." *Brumfiel v. U.S. Bank*, 2013 WL 12246738, at *1 (D. Colo. May 16, 2013) (internal citations omitted).

Because the Complaint (ECF No. 1) has been superseded by Plaintiff's Amended Complaint (ECF No. 8-1), the Court will vacate as moot the February 13, 2019 Order to Show Cause and the Recommendation, and will overrule as moot Plaintiff's Objection.

**B.    New Order to Show Cause**

In the Amended Complaint, Plaintiff asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 8-1 at 4.) Plaintiff then alleges that

5

Walgreens is incorporated under the laws of Illinois and has its principal place of business in that state, and therefore is a citizen of Illinois. (*Id.*) For the other four Defendants, however, Plaintiff only alleges the state where those Defendants have their principal place of business, but not where they are incorporated (or even if they are in fact corporations). (*Id*. at 5.) The Court also has concerns about whether the matter in controversy in this case exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332. In the Amended Complaint, Plaintiff merely states that "[t]he claim is over $75k," but provides little else about her damages. (ECF No. 8-1 at 9.) Therefore, Plaintiff will be Ordered to Show Cause as to why the Court should not dismiss this case without prejudice for lack of diversity jurisdiction over the Defendants. To satisfactorily respond to this new Order to Show Cause, Plaintiff must allege the place of incorporation and principal place of business for each Defendant corporation, and provide additional details on the damages she seeks.

In addition, the Court has concerns about Plaintiff's failure to serve the Defendants. Pursuant to Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

According to Rule 4(m), the 90-day period begins to run "after the complaint is

filed." In this case, however, Plaintiff amended her Complaint on April 10, 2019. (*See* ECF Nos. 1, 8-1, 9.) The Tenth Circuit has provided insight on this matter, holding that the 90-day period provided by Rule 4(m) "is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. This construction of the rule prevents the plaintiff from repeatedly filing amended complaints to extend the time for service indefinitely." *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (internal citations omitted). Accordingly, courts read the 90-day period to commence once the "first version of the complaint naming the particular defendant to be served" is filed. *Id*. at 1149.

In this case, Walgreens and Ferrandino & Sons were both named in the original Complaint, which was filed on January 29, 2019. (ECF No. 1.) Thus, the deadline for Plaintiff to serve Walgreens and Ferrandino & Sons with process was April 29, 2019. *See* Fed. R. Civ. P. 4(m). As for the other Defendants—namely, Sedgwick, Nationwide, and Gallagher Bassett—they were first named in the Amended Complaint, which was filed on April 10, 2019. (ECF Nos. 8-1 & 9.) Therefore, the deadline for Plaintiff to serve Sedgwick, Nationwide, and Gallagher Bassett with process was July 9, 2019. *See* Fed. R. Civ. P. 4(m). Because both of these deadlines have passed, Plaintiff will be Ordered to Show Cause as to why the Court should not dismiss this case without prejudice for her failure to timely effect service on the Defendants.

### III. CONCLUSION

For the reasons set for above, the Court ORDERS as follows:

1. The February 13, 2019 Order to Show Cause (ECF No. 4) is VACATED AS

7

MOOT;

2. The Recommendation (ECF No. 6) is VACATED AS MOOT;

3. Plaintiff's Objection (ECF No. 8) is OVERRULED AS MOOT;

4. Plaintiff must show cause in writing and filed with the Court **no later than November 13, 2019** as to why this case should not be **DISMISSED without prejudice**. In order to comply with this Order to Show Cause, Plaintiff shall file a response demonstrating sufficient good cause as to why the Court should not dismiss this case for her failure to timely effect service on the Defendants. *See* Fed. R. Civ. P. 4(m). In addition, Plaintiff shall attach to the response a revised Amended Complaint that adequately demonstrates why the Court has diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332. **If Plaintiff fails to adequately respond to this Order to Show Cause within the time allowed, this case will be dismissed without prejudice and without further notice**; and

5. The stay of discovery (ECF No. 4 at 3) is LIFTED.

Dated this 22nd day of October, 2019.

BY THE COURT:

_____
William J. Martínez
United States District Judge